FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Oct 11, 2024
Lucy H. Carrillo, Clerk of Court

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

DANA A. BARBATA #9112
SYDNEY SPECTOR #11232
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>KAILUA VILLAGE CONDOMINIUM ASSOCIATION; RON ZENTNER; CERTIFIED MANAGEMENT, INC., DBA ASSOCIA HAWAII; BENJAMIN WILLOUGHBY; BRUCE STERN; DEBORAH STERN; JACQUELINE J. FRAME; AND KONA NOW LLC, DBA KONA NOW REALTY AND KONA NOW HAWAII ISLAND RENTALS,<br><br>Defendants. | Civil No. 24-cv-00353<br><br>CONSENT DECREE |

## I. INTRODUCTION

1. The United States of America ("United States") initiated this action by filing a Complaint on August 19, 2024, on behalf of Gerritt Schaffer ("Mr. Schaffer"), under Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631, alleging that defendants Kailua Village Condominium Association; Ron Zentner; Certified Management, Inc., dba Associa Hawaii; Benjamin Willoughby; Bruce Stern; and Deborah Stern; (collectively, "Defendants" and together with the United States referred to as "the Parties")[1] made housing unavailable and discriminated in the terms, conditions, or privileges of sale of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of Mr. Schaffer's disability[2] by denying reasonable modifications and/or refusing to make a reasonable accommodation in rules, policies, practices, or services, when such modifications and/or accommodation were necessary to afford him equal opportunity to use and enjoy a dwelling, in

[1] The Complaint also brought claims against Jacqueline J. Frame and Kona Now LLC, dba Kona Now Realty and Kona Now Hawaii Island Rentals, however this consent decree does not apply to them, and they are not included in the collective referral of "Defendants" or "Parties".

[2] The Fair Housing Act uses the term "handicap," *see* 42 U.S.C. § 3602(h), but consistent with modern usage, the Parties use the term "disability" in this Consent Decree, and such usage is intended to cover the term "handicap" as used in the Act.

violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A), 3604(f)(2)(A), and 3604(f)(3)(B); and/or made discriminatory statements in violation of 42 U.S.C. § 3604(c); and/or interfered with Mr. Schaffer's right to enjoy housing free from discrimination in violation of 42 U.S.C. § 3617. This action is referred to herein as the "Complaint" or "the United States' Complaint".

2. Among other allegations, the United States' Complaint alleges that Defendants discriminated against Mr. Schaffer, who has paraplegia, by denying his request for an accessible parking space, effectively denying his request for a temporary ramp to access his dwelling, and denying his request to install an accessible toilet at his own expense.

3. The United States' Complaint seeks both injunctive relief and monetary damages in accordance with 42 U.S.C. §§ 3612(o) and 3613(c)(1) on behalf of Mr. Schaffer.

4. Defendant Kailua Village Condominium Association, Inc. ("KVCA"), at all times relevant to the Complaint, governed the common areas and parking spaces of Kailua Village Condominiums, located at 75-5766 Kuakini Highway, in Kailua-Kona ("Kailua Village"). Kailua Village consists of 64 units, and has 68 parking spaces.

5. Defendant Ron Zentner, ("Zentner") at all times relevant to the Complaint, was the resident manager of Kailua Village and an employee of KVCA.

6. Defendant Certified Management, Inc., dba Associa Hawaii ("Associa"), at all times relevant to the Complaint, served as KVCA and Kailua Village's managing agent.

7. Defendant Benjamin Willoughby ("Willoughby"), at all times relevant to the Complaint, was an employee of Associa assigned to KVCA and Kailua Village as its property manager.

8. Defendants Bruce Stern and Deborah Stern (the "Sterns"), at all times relevant to the Complaint, were the owners and sellers of Unit 205.

9. The Parties agree that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

10. The Parties wish to avoid costly and protracted litigation and agree to resolve this action without further litigation. Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Decree. It is hereby ORDERED, ADJUDGED, and DECREED:

## II. GENERAL PROVISION

11. Defendants are enjoined from:

a. Discriminating against any person because of disability in any aspect of the sale, rental, use, or enjoyment of a dwelling;

b. Refusing to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling;

c. Refusing to make reasonable modifications, when such modifications may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling;

d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## III. MANDATORY TRAINING

12. Within 90 days of the date of entry of this Consent Decree, Zentner, Willoughby, any employee or director of KVCA or Associa who may receive or handle requests for reasonable accommodations or reasonable modifications with respect to Kailua Village, and the Sterns, shall attend an educational program

offering instruction regarding their obligations under this Consent Decree and the Fair Housing Act. The Parties agree viewing 2023 VIRTUAL FAIR HOUSING CONFERENCE Session 3 - Reasonable Accommodation/Modification & ESA (youtube.com), which is linked on the Honolulu Fair Housing Conference Community Based Development Division website, shall satisfy the education program required by this Paragraph. The training is accessible at https://www8.honolulu.gov/dcs/fair-housing-conference/ and https://www.youtube.com/watch?v=nO9-a1z72jQ. Defendants shall bear any cost of this educational program.

13. Within 10 days of completing the educational program described in paragraph [12], each individual covered by Paragraph [12] shall certify that he/she/they has participated in the educational training program, and understands and acknowledges his/her/their duties and responsibilities under this Consent Decree and the Fair Housing Act by completing an acknowledgement in the form of **Exhibit A** to this Consent Decree.

14. Any new employee hired to work with or for KVCA or Associa who will perform management or administrative duties with respect to Kailua Village shall receive the fair housing training, described in paragraph [12], within 30 days of the start of his/her/their employment, and shall complete an acknowledgment in the form of **Exhibit A**

15. Any new director of KVCA shall receive the fair housing training, described in paragraph [12], within 30 days of the start of his/her/their election to the Board, and shall complete an acknowledgement in the form of **Exhibit A.**

//

## IV. ADOPTION OF REASONABLE ACCOMMODATIONS AND REASONABLE MODIFICATIONS POLICY

16. It shall be the policy of KVCA that all residents of Kailua Village with disabilities shall be entitled to reasonable modifications to Kailua Village and reasonable accommodations to the rules and policies of KVCA. KVCA will permit such residents an equal opportunity to use and enjoy Kailua Village to the extent required by state and federal fair housing law.

17. Within 90 days of the date of entry of this Consent Decree, KVCA and Associa shall submit to the United States a proposed reasonable accommodation and modification policy to implement standards and procedures for handling requests for reasonable accommodations and modifications at Kailua Village. KVCA shall adopt such policy within 30 days of receiving the United States' approval of the policy.

18. As part of the reasonable accommodation and modification policy, all unit owners of Kailua Village shall be notified in writing that all requests for reasonable accommodations and modifications to Kailua Village common areas must be communicated to the Kailua Village resident manager.

19. KVCA shall install a sign made of durable material in the sales or management office of Kailua Village, indicating that all requests for reasonable accommodations relating to common areas must be directed initially to the resident manager. The sign shall provide the resident manager's telephone number.

20. Upon receiving a request for an accommodation or a modification, the resident manager shall review the request immediately, communicate the request to directors of KVCA or its managing agent, and provide the requestor with a response as soon as is practical but, in any event, no later than 10 days following receipt of the request. The resident manager will follow the same procedure regardless of whether the request is made orally or in writing. In emergency situations, *i.e.*, where the requested accommodation or modification is necessary for the requesting individual to enter his/her/their dwelling, KVCA shall provide a response within 24 hours.

21. In the event that a disability is not obvious, KVCA or its managing agent may require proof verifying the requestor has a disability as defined by state or federal fair housing law, but shall not require specific information about the nature of his/her/their disability.

22. In the event that the need for the requested accommodation or modification is not obvious, KVCA or its managing agent may ask the requestor how the requested accommodation or modification is necessary to accommodate

his/her/their disability in order to assist that person in using or enjoying Kailua Village.

23. In the event that the disability or need for the requested accommodation or modification is not obvious, KVCA or its managing agent may ask the requestor to provide written verification from his/her/their healthcare or mental health provider that the requestor has a disability and needs the accommodation or modification.

24. KVCA shall grant a request for a reasonable accommodation or modification unless it would impose an undue financial and administrative burden on KVCA, or it would fundamentally alter the nature of KVCA's operations.

25. KVCA's final decision on the request and the reasons for it shall be delivered to the requestor in writing.

26. KVCA or Associa shall keep written records of each request for reasonable accommodation or modification they receive for Kailua Village during the duration of this Consent Decree. The records shall include the following:

a. the name, address, and telephone number of the person making the request;

b. the date on which the request was received;

c. the nature of the request;

d. whether the request was granted or denied; and

e. if the request was denied, the reason(s) for the denial.

27. Within 90 days of entry of this Consent Decree, and thereafter on the anniversary of the date of entry of this Decree, KVCA or Associa shall submit to the United States a compliance report, except that KVCA or Associa shall submit the final report 60 days prior to the expiration of this Consent Decree. The compliance reports shall contain copies of the records regarding the training referred to in Paragraphs 12-15 above, the notifications and signage referred to in Paragraphs 19-20 above, and the reasonable accommodation and modification requests referred to in Paragraph [26] above.[3]

28. For the duration of this Consent Decree, KVCA and Associa shall preserve all records related to this Consent Decree and any other documents related to requests for reasonable accommodation at Kailua Village. Such documents include, but are not limited to, correspondence, policies, and procedures. Upon reasonable notice to KVCA for the duration of this Consent Decree, representatives of the United States shall be permitted to inspect and copy any records required by this Consent Decree at any and all reasonable times so as to determine compliance with this Consent Decree; provided, however, that the

[3] The compliance report(s) shall be submitted via email to sydney.spector@usdoj.gov, or to another contact provided by counsel for the United States.

United States shall endeavor to minimize any inconvenience to KVCA or its managing agent from such inspections.

29. For the duration of this Consent Decree, KVCA and Associa shall notify counsel for the United States, in writing, within 10 days of receipt of any complaint of housing discrimination involving KVCA or any of its agents or employees. Such notification shall include the date of the complaint, a copy of any written complaint or a description of the verbal complaint, and contact information (including mailing addresses and daytime and evening telephone numbers) for the complaining party. Within 10 days of the resolution of any such complaint, KVCA and Associa shall notify counsel for the United States, in writing, of the details of the resolution.

## V. DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

30. This case is hereby dismissed without prejudice to its being reopened in the event a dispute arises about compliance with the terms of this Consent Decree. The court will retain jurisdiction to enforce this Consent Decree for a period of two years after the approval and adoption of the Consent Decree by the United States District Court for the District of Hawaii, after which time the case will be dismissed with prejudice.

31. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent

Decree prior to bringing an action arising out of a breach of this Consent Decree. However, in the event of a failure by any Defendant to perform in a timely manner any act required by this Consent Decree or otherwise to act in violation of any provision thereof, the United States may file an action seeking any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, an order extending the term of the Consent Decree, and an award of any damages, costs, and reasonable attorney's fees that may have been occasioned by the violation or failure to perform.

## VI. RELIEF FOR THE COMPLAINANT

32. Defendants shall pay Mr. Schaffer a total sum of **$112,500.00** in settlement of the case. Within 40 days following the entry of this Consent Decree on the Court's docket and Defendants' receipt of Mr. Schaffer's completed W-9 Form, whichever occurs later, Defendants shall deliver checks to the U.S. Attorney's Office payable to "Gerritt Schaffer" in the amounts of $100,000.00 (Kailua Village Condominium Association; Ron Zentner; Certified Management, Inc. dba Associa Hawaii; and Benjamin Willoughby); and $12,500 (Bruce and Deborah Stern).

33. Upon receipt of an executed Release (attached as **Exhibit B**) from Mr. Schaffer, the U.S. Attorney's Office will forward him the settlement proceeds

under Paragraph [32]. The U.S. Attorney's Office shall promptly deliver the original executed release to Defendants' counsel by mail.

## VII. MISCELLANEOUS PROVISIONS

34. Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the Parties.

35. Except as set out in paragraphs [31] and [34], the terms of this Consent Decree shall not be modified, revised, or altered unless approved by the Court.

36. It is understood and the Parties expressly agree that this Consent Decree does not constitute an admission by Defendants of any violation of any statute or regulation, and that no finding of liability is made under this Consent Decree.

37. The Parties acknowledge this Consent Decree is a voluntary and full settlement of the Complaint.

38. The Parties shall be responsible for their own attorneys' fees and costs associated with this action, except as provided in paragraph [31].

Signed this 2 day of October 2024, for the UNITED STATES:

CLARE E. CONNORS
United States Attorney
District of Hawaii

BY: [signature]

DANA BARBATA
SYDNEY SPECTOR
Assistant United States Attorneys

Signed this 1st day of October 2024, for Defendants KAILUA VILLAGE CONDOMINIUM ASSOCIATION, INC., RON ZENTNER, CERTIFIED MANAGEMENT, INC DBA ASSOCIA HAWAII, and BENJAMIN WILLOUGHBY

*/s/ Jacob T. Tokunaga*

JOHN L. KNOREK, Esq.
JACOB TOKUNAGA, Esq.
Torkildson Katz

Signed this 1st day of October 2024, for Respondents BRUCE STERN and DEBORAH STERN

STEVEN STRAUSS, Esq.

DATED: October 11, 2024, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge